J-A01028-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SUSAN LYNNE HOLLOWELL, | : | |
| | : | |
| Appellant | : | No. 740 WDA 2014 |

Appeal from the Judgment of Sentence April 8, 2014,
Court of Common Pleas, Mercer County,
Criminal Division at No. CP-43-CR-0001316-2013

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE and ALLEN, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED FEBRUARY 18, 2015**

Susan Lynne Hollowell ("Hollowell") appeals from the judgment of sentence entered on April 8, 2014 by the Court of Common Pleas of Mercer County, Criminal Division, following her conviction of driving under the influence of alcohol ("DUI"), highest rate of alcohol.[1] For the reasons that follow, we affirm.

The relevant facts and procedural history of this case are summarized as follows. On July 19, 2013, at approximately 12:23 a.m., Officer Andreu Foriska ("Officer Foriska") of the Southwest Mercer County Regional Police Department was on a patrol when he observed Hollowell's vehicle, a dark Pontiac Sunfire, traveling eastbound on Broadway Avenue in Shenango Township. At the intersection of Broadway Avenue and New Castle Road,

---

[1] 75 Pa.C.S.A. § 3802(c).

Officer Foriska observed Hollowell activate her right turn signal prior to making a right-hand turn onto the southbound on-ramp to New Castle Road. Officer Foriska testified that the right rear turn signal was flashing faster than a normal operating turn signal. Although he did not know the exact rate at which Hollowell's right rear turn signal was flashing, Officer Foriska estimated that it was flashing at a rate of 120 times per minute. Officer Foriska stated that while he did not observe Hollowell's right front turn signal, in his experience, a rear turn signal flashing that rapidly indicated that the corresponding front turn signal had burned out. When Officer Foriska observed Hollowell activate her left turn signal prior to turning into a gas station parking lot, he noticed that the left rear turn signal was flashing at a normal rate. Officer Foriska therefore decided to stop Hollowell's vehicle.[2]

After Officer Foriska approached Hollowell's vehicle and made contact with her, he stated that he could smell the aroma of an alcoholic beverage coming from inside her vehicle. Officer Foriska asked Hollowell how much

_____

[2] Malfunctioning turn signals are a violation of section 4303(c) of the Motor Vehicle Code. Section 4303(c) provides, in pertinent part, that "[e]very motor vehicle … operated on a highway shall be equipped with a system of turn signal lights and hazard warning lights in conformance with regulations of the department." 75 Pa.C.S.A. § 4303(c). Section 175.66(f) of the Pennsylvania Code states that vehicles "shall be equipped with … turn signal lamps … which under normal atmospheric conditions shall be capable of being seen and distinguished during nighttime operation at a distance of 500 feet." 67 Pa. Code § 175.66(f) (citing 75 Pa.C.S.A. § 4303(c)). Section 175.66(f)(4) further provides that "turn signals shall have a frequency of flash between 60--120 flashes per minute." 67 Pa. Code § 175.66(f)(4).

she had to drink and she replied that she had consumed four alcoholic beverages after 10:00 p.m. that evening. After putting Hollowell through a series of sobriety tests, each of which she failed, Officer Foriska placed Hollowell under arrest. Hollowell's blood alcohol content ("BAC") test revealed that her BAC was .277%.

Hollowell was charged with DUI, highest rate of alcohol. On December 13, 2013, Hollowell filed a motion to suppress the evidence obtained as a result of Officer Foriska stopping her vehicle. *See* Omnibus Motion for Pre-Trial Relief, 12/13/13, at 1-2. On January 8, 2014, the trial court held a hearing on Hollowell's motion to suppress and subsequently denied the motion the next day. *See* Trial Court Order, 1/9/14. On March 25, 2014, following a stipulated, nonjury trial, the trial court found Hollowell guilty of DUI, highest rate of alcohol, her second DUI-related offense. On April 8, 2014, the trial court sentenced Hollowell to ninety days to five years of house arrest with electronic monitoring and ordered her to pay fines, costs, and fees.

On May 2, 2014, Hollowell filed a timely notice of appeal. On May 8, 2014, the trial court ordered Hollowell to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On May 21, 2014, Hollowell filed a timely Rule 1925(b) statement.

On appeal, Hollowell raises the following issue for our review: "Did the [trial] court err in denying [Hollowell]'s motion to suppress and specifically in holding that the arresting officer's observation of [Hollowell]'s turn signal rose to the level of probable cause for the officer to make a traffic stop[?]" Hollowell's Brief at 4. We review the trial court's denial of a motion to suppress to determine whether the record supports the trial court's factual findings and whether it reached its legal conclusions in error. *Commonwealth v. Enick*, 70 A.3d 843, 845 (Pa. Super. 2013), *appeal denied*, 85 A.3d 482 (Pa. 2014). "If the record supports the trial court's findings of fact, we will reverse only if the trial court's legal conclusions are incorrect." *Id.* (citation omitted).

Hollowell's question concerns the quantum of cause required in order for a law enforcement officer to stop a vehicle for an alleged violation of the Motor Vehicle Code. The relevant statutory authority is section 6308(b) of the Motor Vehicle Code, which provides:

> Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b).

Thus, section 6308(b) requires only reasonable suspicion in support of a vehicle stop for gathering information necessary to enforce the Vehicle Code violation. However, a police officer must have probable cause to support a vehicle stop where the officer's investigation following the stop serves no "investigatory purpose relevant to the suspected [Vehicle Code] violation." *Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa. Super. 2010) (en banc), *appeal denied*, 25 A.3d 397 (Pa. 2011). Our Supreme Court has explained:

> Indeed, the language of § 6308 reflects this very intent. Stops based on reasonable suspicion are allowed for a stated investigatory purpose: "to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title." 75 Pa.C.S. § 6308(b). This is conceptually equivalent to the purpose of a *Terry*[3] stop. It does not allow all stops to be based on the lower quantum—it merely allows this for investigatory stops, consistent with the requirements of both federal and state constitutions. We interpret the legislature's modification of § 6308 as merely eliminating the statutory requirement of a greater level of information for a stop under the Vehicle Code than is constitutionally required for all other stops.

*Commonwealth v. Chase*, 960 A.2d 108, 116 (Pa. 2008). "[I]f the officer has a legitimate expectation of investigatory results, the existence of reasonable suspicion will allow the stop—if the officer has no such expectations of learning additional relevant information concerning the

---

[3] *Terry v. Ohio*, 392 U.S. 1 (1968).

- 5 -

suspected criminal activity, the stop cannot be constitutionally permitted on the basis of mere suspicion." *Id.* at 115. Therefore, "when the existence of reasonable suspicion combines with the expectation that the stop will allow light to be shed on the relevant matters, the stop is not unconstitutional." *Id.*

Here, Hollowell argues that this is a case where Officer Foriska had nothing further to investigate after stopping her vehicle for the alleged turn signal infractions, and thus reasonable suspicion could not support the stop. *See* Hollowell's Brief at 11. Rather, Hollowell contends that probable cause was necessary to support Officer Foriska's stop of her vehicle. *See id.* at 9-11. Hollowell asserts that Officer Foriska's mere estimation of the number of times her right rear turn signal was flashing per minute was insufficient to support the trial court's determination that Officer Foriska had probable cause to believe that she was in violation of the Vehicle Code. *Id.*

Accordingly, in this case, we must first determine whether reasonable suspicion or probable cause was necessary to support the stop of Hollowell's vehicle. Officer Foriska stopped Hollowell's vehicle because in his estimation, her right rear turn signal was flashing much faster than a normal turn signal, which in his experience indicated that Hollowell's right front turn signal had burned out. *See* N.T., 1/8/14, at 5-6. These observations gave rise to a suspected violation of the Motor Vehicle Code provision requiring that vehicles have properly functioning turn signals. *See* 75 Pa.C.S.A.

§ 4303(c); 67 Pa. Code § 175.66(f)(4); *supra*, n.2. Officer Foriska also testified, however, that he did not time the exact rate at which Hollowell's right rear turn signal was flashing and that he was unable to observe that her right front turn signal was out prior to conducting the stop. N.T., 1/8/14, at 5, 7. Therefore, in this case, stopping Hollowell's vehicle for further investigation was necessary to determine whether she was in violation of section 4403(c) of the Motor Vehicle Code because Officer Foriska could not see whether Hollowell's front right turn signal was operational, having only observed her vehicle from behind. Because further investigation was necessary to determine whether Hollowell had violated the Motor Vehicle Code, Officer Foriska needed only reasonable suspicion to support his stop of Hollowell's vehicle. *See Chase*, 960 A.2d at 115-16.

Our Court has defined reasonable suspicion as follows:

> Reasonable suspicion is a less stringent standard than probable cause necessary to effectuate a warrantless arrest, and depends on the information possessed by police and its degree of reliability in the totality of the circumstances. In order to justify the seizure, *a police officer must be able to point to specific and articulable facts leading him to suspect criminal activity is afoot*. In assessing the totality of the circumstances, courts must also afford due weight to the specific, reasonable inferences drawn from the facts in light of the officer's experience and acknowledge that innocent facts, when considered collectively, may permit the investigative detention.
>
> Thus, under the present version of Section 6308(b), in order to establish reasonable suspicion, an officer must be able to point to *specific and articulable facts*

> which led him to reasonably suspect a violation of
> the Motor Vehicle Code[.]

***Commonwealth v. Holmes***, 14 A.3d 89, 95-96 (Pa. 2011) (quotation marks, citations, and footnote omitted; emphasis in the original).

We agree with the trial court's decision not to suppress the evidence obtained from Hollowell's vehicle stop as the record supports a determination that Officer Foriska had reasonable suspicion to believe that Hollowell had violated the Motor Vehicle Code.[4] The certified record on appeal reveals that Officer Foriska was able to point to specific and articulable facts that led him to reasonably suspect that Hollowell committed a violation of the Motor Vehicle Code. Officer Foriska observed Hollowell's right rear turn signal flashing, at his estimation, at a rate at the end of the range permitted by 67 Pa. Code § 175.66(f)(4). N.T., 1/8/14, at 5, 7. Officer Foriska also observed Hollowell's left rear turn signal, which was flashing at a normal, much slower rate than her right rear turn signal. ***Id.*** at 6. Officer Foriska thus had reason to believe that Hollowell's right rear turn signal was not functioning properly, and based on his experience, that her front right turn signal had burned out because her right rear turn signal was flashing so rapidly. ***Id.*** at 5-6. Therefore, Officer Foriska had reasonable suspicion to believe that Hollowell's turn signals were not operating properly and that she was in violation of section 4403(c) of the Motor Vehicle Code,

---

[4] Notably, Hollowell does not argue that Officer Foriska lacked reasonable suspicion to support a stop of her vehicle.

thereby justifying the stop of her vehicle. Accordingly, the trial court did not err by failing to suppress the evidence obtained through the stop of Hollowell's vehicle.[5]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015

---

[5] We note that the manner in which we reach our decision differs from that of the trial court. **See** Trial Court Opinion, 6/27/14, at 2-3. "We can affirm the [trial] court's decision if there is any basis to support it, even if we rely on different grounds to affirm." **Commonwealth v. Lewis**, 39 A.3d 341, 345 (Pa. Super. 2012).